FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 17  PM 1:58

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE EUGENE SINGLETARY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-299** |
| **ST. TAMMANY PARISH SHERIFF, ET AL.** | **SECTION: "J" (1)** |

## O R D E R

Plaintiff filed his complaint in this civil action on February 4, 2005.[1]  On February 16, 2005,

he filed an amended complaint adding additional claims.[2]  Plaintiff subsequently filed a motion to

amend the complaint to add more claims,[3] which was granted in part.[4]  Thereafter, plaintiff submitted

another motion to amend the complaint to add additional claims,[5] which was denied.[6]  Currently

pending before the Court is yet another motion to amend the complaint to add additional claims.[7]

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 5.

[3] Rec. Doc. 7.

[4] Rec. Doc. 9.

[5] Rec. Doc. 12.

[6] Rec. Doc. 17.

[7] Rec. Doc. 34.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

The Federal Rules of Civil Procedure provide:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).   Accordingly, because plaintiff has already amended his complaint twice, defendants have filed an answer,[8] and the adverse parties have not consented in writing to the proposed amendments, plaintiff may amend his complaint only by leave of this Court.

Over the course of this litigation, plaintiff has had more than ample opportunities to amend his complaint and has in fact twice availed himself of such opportunities.   Justice does not require that he be allowed to continually amend his complaint to add new claims as they occur to him.   At some point, continual revisions to the complaint to add new claims thwart the ends of justice, in that they delay resolution of the pending claims.   This litigation has reached that point.   If plaintiff wishes to pursue new claims, his recourse is to file a new lawsuit.[9]   Accordingly, plaintiff's motion to amend

---

[8] Rec. Doc. 30.

[9] Plaintiff is cautioned, however, that he remains responsible for paying the filing fees for all civil rights actions he files as a pauper and that deductions will be made from his prison account toward payment of those fees.  He is also cautioned that the Prison Litigation Reform Act generally bars a prisoner from bringing future lawsuits if he has, while incarcerated or detained in any facility, brought three or more actions or appeals in federal court that were dismissed as frivolous, malicious, or for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(g).  Accordingly, prisoners should file lawsuits only after due consideration of their merits, so as not to squander their limited funds on frivolous lawsuits and possibly bar their future access to the federal courts to file civil actions.

the complaint is **DENIED**.[10]

Plaintiff has also filed a motion for the issuance of trial subpoenas and subpoenas duces tecum.[11] The motion for the issuance of trial subpoenas is **DENIED AS PREMATURE**, in that no trial date is currently scheduled. The motion for the issuance of subpoenas duces tecum, in which plaintiff requests that the Court subpoena records from Tulane Hospital, Northshore Medical Center, and V.A. Medical Centers, is likewise **DENIED**. The Court has previously required the jail to produce copies of plaintiff's medical records,[12] and those records have been filed in this federal record.[13] Plaintiff is now attempting to have the Court require that other entities, which are not parties to this litigation, be required to provide him with additional records free of charge. The Court will not require them to do so. Although plaintiff has been granted pauper status in this litigation, that status does not entitle him to have either the Court or non-parties underwrite his discovery expenses. See Badman v. Stark, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991).[14]

---

[10] To the extent that Rec. Docs. 31 and 32 should also be construed as motions to amend the complaint, they are **DENIED** for the same reasons.

[11] Rec. Doc. 36.

[12] Rec. Doc. 35.

[13] Rec. Doc. 39.

[14] In Badman, the court noted:

> The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules.

New Orleans, Louisiana, this sixteenth day of November, 2005.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

Badman, 139 F.R.D. at 605 (citations omitted).  Where, as here, a plaintiff has made no provision for the costs of discovery, it is appropriate for his requests for the issuance of subpoenas duces tecum to be denied.  Id.